BUSER, COMPTROLLER, *v.* STATE OF INDIANA, EX REL. RODGERS.

[No. 25,423. Filed May 29, 1928.]

*Schuyler A. Haas, John K. Ruckelshaus* and *Donald F. Roberts,* for appellant.

*Ira M. Holmes,* for appellee.

MARTIN, J.—The brief of the appellant is incomplete and insufficient. It contains no "Points and Authorities" and otherwise fails to meet substantially the requirements of Rule 22. It is not merely deficient technically, but it is so insufficient that from it we cannot tell what question, if any, appellant seeks to present for our determination.

Appellant's assignment of error is as follows:

"The appellant says that there is manifest error in the proceedings and judgment in said cause, in each of the following particulars: (1) The complaint of appellee

does not state facts sufficient to constitute a cause of action against appellant. (2) The court erred in its conclusions of law. (3) The court erred in overruling appellant's motion for a new trial. (4) The judgment appealed from is not fairly supported by the evidence. (5) The decision of the court is not fairly supported by the evidence. (6) The judgment appealed from is clearly against the weight of the evidence. (7) The decision of the court is clearly against the weight of the evidence. (8) The court erred in compelling the appellant to violate the law by paying money out of funds that do not exist."

The formal wording of No. 1 is that commonly used in a demurrer to a complaint, but here no demurrer was filed. It is improper as an assignment of error. We do not understand what was meant by No. 2, since no findings of facts or conclusions of law were asked for or had in this cause. Numbers 4, 5, 6, 7 and 8 are not proper assignments of error on appeal. Number 3 is a correct assignment, but the record does not show that the court overruled the motion for a new trial. Furthermore, the reasons given in the motion for a new trial: "(1) That the verdict of the court is contrary to the evidence. (2) That the finding of the court would make the defendant, William C. Buser, Controller of the City of Indianapolis, liable on his bond," are not proper reasons.

Judgment affirmed.